Ruben GUERRERO, Plaintiff–
Appellant

v.

TRAVIS COUNTY, TEXAS; Selena M.
Alvareliga; Judge Wilfred Flowers;
Patricia Aguilar; County Attorney,
David Escamilla; Unknown Employee
Of County Attorney's Office; Art
Acevedo; Unknown Detective of Fi-
nancial Crimes Department; Austin
Police Department, Travis County,
Defendants–Appellees.

No. 12–50455
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 2013.

Ruben Guerrero, Lovelady, TX, pro se.

Before JONES, DENNIS, and
HAYNES, Circuit Judges.

PER CURIAM: *

Ruben Guerrero, Texas prisoner
# 1635715, filed a 42 U.S.C. § 1983 com-
plaint against the defendants, alleging that
a witness (apparently his wife) committed
perjury during his 2009 assault trial; that
a CD of exculpatory telephone calls that
his appointed counsel gave to an interpret-
er was stolen; that the trial judge exclud-
ed certain evidence; and that criminal
charges he filed against his wife relating to
credit card fraud and theft were not pur-

sued by the county attorney's office or the
police department. On recommendation of
the magistrate judge, the district court
dismissed Guerrero's complaint as frivo-
lous pursuant to 28 U.S.C. § 1915(e). The
court also denied Guerrero leave to amend,
denied a motion for rehearing, and denied
Guerrero leave to proceed in forma pau-
peris (IFP) on appeal. Guerrero now
moves for permission from this court to
proceed IFP. By doing so, Guerrero is
challenging the district court's certification
that any appeal would not be taken in good
faith. See Baugh v. Taylor, 117 F.3d 197,
202 (5th Cir.1997).

Guerrero's sole argument is that the
Austin Police Department and the County
Attorney failed to investigate and prose-
cute the charges he filed against his wife
because she was a woman, despite evi-
dence she had committed a felony, while
he, a male, was convicted without evidence.
Guerrero asserts that his rights under the
Equal Protection Clause were, therefore,
violated. Although Guerrero insists that
he does not challenge his conviction, his
assertion that his prosecution was based
on gender discrimination effectively chal-
lenges the constitutionality of his convic-
tion. See, e.g., Wayte v. United States, 470
U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d
547 (1985). As a ruling in favor of Guerre-
ro on this claim necessarily implies that his
conviction was invalid, his equal protection
challenge is barred unless the conviction
has been reversed, expunged, declared in-
valid by a state tribunal, or called into
question by a federal writ of habeas cor-
pus. See Heck v. Humphrey, 512 U.S.
477, 114 S.Ct. 2364, 129 L.Ed.2d 383
(1994). Guerrero's conviction was af-
firmed on appeal, see Guerrero v. State,
No. 03–10–00218–CR, 2011 WL 2176825, at

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*1 (2011), and there is no indication it has since been reversed or otherwise called into question.

Guerrero appears to have abandoned his trial-based claims against the trial judge, his counsel, the prosecutor, and the interpreter. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993). Nevertheless, we find it appropriate to address them briefly to the extent they involve issues of immunity. *See Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir.1994). The trial judge is absolutely immune from suit as there is no allegation that he acted outside his judicial role or in the absence of jurisdiction. *See id.* at 284–85. The prosecutor likewise enjoys absolute § 1983 immunity for actions taken in the presentation of a case. *See id.* at 285. Guerrero asserted no facts supporting a constitutional claim against the interpreter, and Guerrero's appointed counsel has no liability under § 1983 because she is not a state actor. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Guerrero also complains that the district court denied leave to amend as futile. We see no abuse of discretion by the district court. *See McAfee v. 5th Cir. Judges,* 884 F.2d 221, 222–23 (5th Cir.1989).

As Guerrero has not demonstrated that he will raise a nonfrivolous issue on appeal, his motion for leave to proceed IFP is denied. *See* 28 U.S.C. § 1915(a); *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Because his appeal is frivolous, it is dismissed. *See Baugh,* 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.

Both the district court's dismissal of the complaint as frivolous and this court's dismissal of the appeal as frivolous count as "strikes" for purposes of the "three strikes" bar of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Guerrero has previously filed two other § 1983 complaints that were dismissed as frivolous. *See Guerrero v. Turner,* No. 9:11–CV–00082, 2012 WL 760876 (E.D.Tex. Mar.7, 2012); *Guerrero v. King,* No. 9:11–CV–00081, 2011 WL 4753524 (E.D.Tex. Oct.6, 2011), *aff'd,* 473 Fed.Appx. 379 (5th Cir.2012). Because Guerrero has now accumulated three or more strikes, he may not proceed IFP in any civil action or in the appeal of a judgment in a civil action while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(G) BAR IMPOSED.